ALD-089                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3799
_____

JEFFREY BELLO,
                              Appellant

v.

EDGEWATER PARK SEWERAGE AUTHORITY;
STATE OF NEW JERSEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1:15-cv-06768)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 5, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed February 14, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A dispute over sewerage and sewer-connection fees assessed against Jeffrey Bello for his residential property in Edgewater Park, New Jersey prompted Bello to sue the local sewerage authority ("EPSA") and the State ("New Jersey"). Arguably invoking 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, Bello's complaint requested millions of dollars and a declaration that the Sewerage Authorities Law—N.J.S.A. § 40:14A-1, et seq.—is unconstitutional on its face.

The District Court granted New Jersey's motion to dismiss under Fed. R. Civ. P. 12(b), concluding that it was immune from suit and that Bello failed to state a viable constitutional challenge to the Sewerage Authorities Law. Soon after, the District Court denied Bello's motion for reconsideration of the order dismissing New Jersey from suit, denied Bello's motion to preliminarily enjoin (1) a tax lien sale of his property and (2) "all billings," and granted Bello's request to amend his complaint. Bello appealed.

The case remains pending in the District Court, which, in refusing to reconsider its dismissal of New Jersey, did not rule on an issue collateral to the merits of the case[1] and did not certify its order for immediate appellate review under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b). As a result, we dismiss this appeal in part for lack of appellate jurisdiction. Cf. In re Fosamax Prods. Liab. Litig., 751 F.3d 150, 156 (3d Cir. 2014).

---

[1] "[T]he collateral-order exception announced in [Cohen] . . . gives us latitude to exercise immediate review over orders that . . . 'conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment.'" United States v. Wright, 776 F.3d 134, 140 (3d Cir. 2015) (citation omitted, emphasis added).

To the limited extent that Bellow appeals the denial of his motion for a preliminary injunction, we have jurisdiction under 28 U.S.C. § 1292(a)(1). We "review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we may summarily affirm if an appeal presents no substantial question. See id.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In denying the motion for a preliminary injunction, the District Court ruled only that Bello failed to demonstrate a likelihood of success on the merits.

We will summarily affirm the District Court's decision on other grounds. Cf. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). Based on, among other things, Bello's failure to support his motion with evidence or challenge on appeal the District Court's findings of fact[2] (let alone show that any finding is clearly erroneous), we conclude that the District Court properly denied the injunction request because Bello failed to demonstrate immediate harm that cannot be remedied by an award of money damages. See Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.

---

[2] See Fed. R. Civ. P. 52(a)(2) ("In granting or refusing an interlocutory injunction, the

3

1989) ("In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm."); cf. Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element . . . renders a preliminary injunction inappropriate.") (internal quotation marks and citations omitted).

---

court must [ ] state the findings and conclusions that support its action.").